# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MERCER COUNTY BOARD OF EDUCATION,**
Employer Below, Petitioner

**vs.)    No. 15-0157** (BOR Appeal No. 2049684)
            (Claim No. 2013012547)

**BRENDA S. VENABLE,**
Claimant Below, Respondent

## MEMORANDUM DECISION

Petitioner Mercer County Board of Education, by Matthew L. Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brenda S. Venable, by Reginald D. Henry, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed a July 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 5, 2013, decision, which rejected Ms. Venable's application for workers' compensation benefits. The Office of Judges held the claim compensable for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Venable worked as a cook for the Mercer County Board of Education for thirteen years. Her job duties included preparing over six hundred meals for the children attending Pikeview Middle School. She also used a machine sprayer to clean dishes. Near the end of 2012, she began to experience pain and tingling in her hands. She filed an application for workers' compensation benefits alleging she had developed bilateral carpal tunnel syndrome from her work. Upon receiving her application, Mercer County Board of Education submitted a

1

questionnaire response to the claims administrator stating that Ms. Venable frequently used vibrating handheld tools and often performed tasks requiring a continuous and firm grip. At this time, Ms. Venable came under the care of Robert Kropac, M.D., who found that her work as a cook involved repetitive heavy lifting and repetitive motion of both upper extremities. He noted that she had positive signs of carpal tunnel syndrome but her symptoms were worse in the right hand than in the left. He submitted a questionnaire response to the claims administrator diagnosing her with carpal tunnel syndrome. He stated that the condition developed because of the repetitive motion of her work. An electromyography (EMG) and nerve conduction study were also performed on Ms. Venerable's wrist which showed that she had bilateral carpal tunnel syndrome. The test showed that the condition was more severe in her right arm than in her left arm.

Prasadarao B. Mukkamala, M.D., then reviewed Ms. Venable's application. He recommended that the claims administrator reject her claim because the work activities she performed did not involve the degree of force or repetition that would cause carpal tunnel syndrome. Based on Dr. Mukkamala's report, on March 5, 2013, the claims administrator rejected her application for workers' compensation benefits. Following this rejection, Ms. Venable testified by deposition that her job required frequent use of her hands. She testified that she often used a sprayer to wash dishes and she used a ladle to serve food. She also testified that she carried pans of food weighing between twenty and fifty pounds. Dr. Mukkamala then evaluated Ms. Venable. He confirmed the diagnosis of bilateral carpal tunnel syndrome, but he did not believe it was related to her work. He noted that her weight was a significant non-occupational risk factor for developing carpal tunnel syndrome. On July 15, 2014, the Office of Judges reversed the claims administrator's decision and held the claim compensable for bilateral carpal tunnel syndrome. The Board of Review affirmed the Order of the Office of Judges on January 26, 2015, leading Mercer County Board of Education to appeal.

The Office of Judges concluded that Ms. Venable had bilateral carpal tunnel syndrome and that it was caused by her work-related activities. The Office of Judges based this conclusion on the treatment notes of Dr. Kropac. It found that the opinions of Dr. Kropac and Dr. Mukkamala were entitled to equal weight. However, the Office of Judges relied on Dr. Kropac's opinion because it determined that this resolution was required by West Virginia Code § 23-4-1g(a) (2003). The Office of Judges did not rely on Dr. Mukkamala's opinion because it found that the issue of causality had to be resolved in favor of Ms. Venable's position. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Venable has presented sufficient evidence to show that she developed bilateral carpal tunnel syndrome in the course of and resulting from her employment. The EMG and nerve conduction studies in the record show that she has bilateral carpal tunnel syndrome. The treatment notes of Dr. Kropac create a causal link between the condition and Ms. Venable's work, and the Office of Judges was justified in relying on his opinion. West Virginia Code § 23-4-1g(a) provides that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the

claimant's position will be adopted." The record shows that there was an equal amount of weight in favor of adopting Dr. Kropac's or Dr. Mukkamala's opinion about the cause of Ms. Venable's carpal tunnel syndrome, and the Office of Judges properly complied with the directives of West Virginia Code § 23-4-1g(a) in relying on Dr. Kropac's findings. Ms. Venable does not work in a field that is at a high risk for developing carpal tunnel syndrome, but her testimony demonstrates that her work duties included sufficient repetitive manual movements under West Virginia Code of State Rules § 85-20-41.5 (2006). The Office of Judges was within its discretion in holding her claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3